IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MERVIN THOMAS, et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0652-WS-C |
| ) | |
| **AMERIQUEST MORTGAGE** ) | |
| **COMPANY,** ) | |
| ) | |
|     **Defendant.** ) | |

**ORDER**

    The defendant has filed two motions to dismiss, (Docs. 6-9), to which the plaintiffs have responded. (Doc. 13). After the case was transferred from the opt-out docket, the Court ordered the defendant to file a reply brief addressing the status of any effort to obtain transfer to the MDL litigation and the defendant's position as to whether resolution of the motions to dismiss should await such transfer. (Doc. 15). The defendant has complied. (Doc. 16).

    The defendant confirms that the plaintiffs have notified the MDL Panel of this lawsuit. There is no indication that the Panel has issued a conditional transfer order, presumably because the case is less than two months old. Nor is there any indication that the defendant will oppose transfer, and the Court knows from other cases on its docket involving the defendant that it historically has not opposed transfer. The Court must therefore assume that transfer will occur, and that it will occur with the Panel's usual promptness. The issue becomes whether the Court should address the pending motions to dismiss in the interim.

    As the Court explained in *Boudin v. Residential Essentials, LLC*, 2007 WL 2609510 (S.D. Ala. 2007), that decision "depends on which course will better 'promote judicial efficiency, avoid inconsistent rulings by different district courts, and avoid

prejudice to both plaintiff and defendant.'" *Id*. at *1 (quoting *Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180, 1182 (S.D. Ala. 2006)).  The defendant, which has seen the Court employ this standard in *Boudin* and several subsequent cases, does not address it. Because this case fits the mold of the previous cases in that the motions require the mastery of several procedural and substantive issues, with no particular outcome certain at the outset, because the MDL Court has and/or will address similar issues and so become proficient in them, and because the defendant identifies no prejudice to itself from a delayed ruling, the Court concludes that the interests of promoting judicial efficiency, avoiding inconsistent results between sister courts, and avoiding prejudice to the parties weigh in favor of allowing the MDL Court to resolve the motions to dismiss. Accordingly, this action is **stayed** pending transfer to the MDL Court or further order of this Court.

DONE and ORDERED this 5th day of November, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE